# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | :  Case No. 22-MJ-00149 |
| **DARRIUS BARRY,** | : |
| | : |
| **Defendant.** | : |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm), 18 U.S.C. § 3142(f)(1)(C) (Controlled Substance Act offense), and 18 U.S.C. § 3142(d)(1)(A)(iii) (on supervision for any offense) of the federal bail statute. Further, a rebuttable presumption in favor of detention applies in this case, under 18 U.S.C. § 3142(e)(3)(A) (as the defendant is charged with a serious drug felony) and 18 U.S.C. § 3142(e)(3)(B) (as the defendant is charged with a violation of 18 U.S.C. 924(c)).

As discussed further below, the defendant stands charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), Unlawful Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(1)(A). The defendant's arrest occurred while he was on supervised release in case number 2020-CF2-7719 (Superior Court for the District of Columbia) where he was convicted of Unlawful Possession of a Firearm and domestic Simple Assault. The government requests that the

following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I.     Procedural History**

The defendant is charged by Complaint with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), Unlawful Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(1)(A). His initial appearance is scheduled before the Honorable Magistrate Judge G. Michael Harvey for July 1, 2022.[1] At the defendant's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.

**II.    Legal Authority and Argument**

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *Id.*; *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v.*

---

[1] The defendant was initially charged with the instant offense in D.C. Superior Court, Case No. 2022-CF2-003615.  The defendant has been held without bail in that case (which was dismissed as of June 30, 2022, in light of the instant complaint and pending indictment).

2

*Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

Under Section 3142(g), the Court must analyze four factors in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure appearance of the defendant in court or the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A.   Nature and Circumstances of the Offense Charged

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. The defendant was not only illegally in possession of a firearm and cocaine, but he possessed the firearm and distribution quantities of narcotics while on supervised release for Unlawful Possession of a Firearm and Simple Assault convictions in Superior Court for the District of Columbia Case Number 2020-CF2-7719. On May 27, 2021, the defendant was sentenced to 14 months of incarceration, with all but 12 months suspended and 18 months of supervised probation for both counts.

The fact that the defendant obtained an illegal firearm while on supervision for another firearm offense demonstrates the defendant's inability to comply with conditions of release in the

community and the law. Furthermore, the defendant was not merely in possession of the firearm, he also possessed an amount of narcotics and digital scale, consistent with possession with intent to distribute, proving an even more significant danger to the community.

Specifically, On June 26, 2022, at approximately 11:50 p.m., Metropolitan Police Department Officers John Jeskie, Anthony Smith, Matthew Kelly, and Sergeant Andrew Weiss were patrolling in full uniform in an unmarked vehicle in the 1500 block of 19th Street, SE in Washington, D.C. when they observed a large group of approximately 15-20 males blocking traffic consuming marijuana.

Officers noticed that one male in the group (later identified as Darrius Barry hereinafter referred to as Defendant Barry) quickly distanced himself from the group and adjusted his right front waistband area while looking over his shoulder at officers still in the vehicle. Based on Defendant Barry's actions and the high volume of illegal firearms in the immediate area[2], officers exited the vehicle to make contact with Defendant Barry.

As officers approached, Defendant Barry immediately took off running and during pursuit, officers observed him attempting to discard an object with his right arm when he tripped and fell. As officers caught up to Defendant Barry, they observed a handgun protruding from his pants near his right knee area. As Defendant Barry was wearing ripped, black jeans, the officers were able to see the firearm clearly through his pant-leg.

The firearm was later identified as a Privately Manufactured Firearm Polymer 80 9mm handgun with no unique serial number. At the time it was recovered, the firearm was loaded with

---

2 The Seventh District Crime Suppression Unit recovered four illegal firearms in the 1500 block of 19th Street, SE in the last two weeks alone, facts which were known to officers at this time.

4

one (1) round in the chamber and eight (8) rounds in a magazine with a capacity to hold seventeen (17) rounds. During the search incident to arrest, officers recovered 7.5 ounces of a green marijuana like substance that field tested positive for THC and a digital scale from Defendant Barry's satchel bag and 4.7 grams of a white rock like substance that field tested positive for cocaine from his jeans coin pocket.

Based on the quantity of drugs, particularly the cocaine, the firearm, and this area being a well-known block for narcotics sales, the drugs seized from the defendant were more consistent with distribution than with personal use.

A criminal history check of Defendant Barry revealed that he has prior criminal felony convictions in the Superior Court for the District of Columbia, including Case No. 2020 CF2 007719 for Unlawful Possession of a Firearm and Simple Assault and 2012 CF3 015314 for one Assault with Intent to Kill, Possession of a Firearm During a Crime of Violence, and two (2) counts of Assault with Significant Bodily Injury wherein he was sentenced to more than twelve (12) months of incarceration.   Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

There are no ammunition manufacturers in the District of Columbia, thus the ammunition in this case traveled in interstate commerce.

      **B.**     **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, is also in favor of detention. The evidence against the defendant is strong. As set forth above, the officers observed the defendant's suspicious behavior coupled with his attempt to adjust his right front waistband and upon approach the defendant ran. The loaded firearm, as well as 4.7 grams of suspected cocaine,

and drug paraphernalia commonly used for distribution were recovered by officers from the defendant's pant-leg and from the cross-body satchel he was wearing strapped to his person at the time of the arrest. *See* Exs. A-D.

Body-worn camera footage captures the officers' encounter with the defendant and the pictures clearly show the firearm was lodged in the defendant's pant-leg and that he was wearing the cross-body satchel on his body at the time of arrest. There is no genuine Fourth Amendment challenge or other issue the defendant may argue that would weaken the evidence against him. Finally, the firearm was loaded with 8 rounds of ammunition with an additional round in the chamber.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, weighs heavily in favor of detention. As mentioned above, the defendant was on supervised release following a term of imprisonment for approximately a year, in case number 2020 CF2 007719 from Superior Court for the District of Columbia. In that case, the defendant was convicted of Unlawful Possession of a Firearm and Simple Assault. Additionally, the defendant has a very concerning prior conviction for shooting three people in 2014. In case number 2012 CF3 015314, the defendant was convicted of 1 count of Assault with Intent to Kill a three-year old child, 2 counts of Assault with Significant Bodily Injury, and 1 count of Possession of a Firearm During a Crime of Violence. The defendant was sentenced to five years of incarceration and three years of supervised release in this case.

The defendant's arrest on a new gun charge, while engaged in possession with intent to distribute a Schedule II narcotic controlled substance, is evidence of his dangerousness and inability to comply with the terms of his supervised release on his other gun-related offense. While

6

he is currently charged with possessing a firearm in this case, his prior convictions demonstrate that he has used guns in very dangerous criminal activity before – including to shoot a three-year old child. Thus, the defendant's possession of a gun now, in concert with his possession of cocaine, is cause for grave concern for the safety of the community should the defendant be released.

      **D.**      <u>**Danger to the Community**</u>

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a highly dangerous weapon loaded with ammunition, despite being legally barred from such possession as a convicted felon, and despite being on supervised release pending trial in another gun-related offense. The firearm that the defendant possessed had the potential to cause grievous bodily injury (or death) to members of the community, law enforcement, or to the defendant himself. Once he realized officers intended to speak with him, he swiftly took flight. Defendant Barry's actions thus created an incredibly dangerous situation for law enforcement, the defendant, and anyone else in the area.

Indeed, other courts have recognized the inherent dangerousness of carrying a concealed, loaded firearm on one's person. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public. *See United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a

serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

The defendant's possession of a semiautomatic firearm loaded with 8 rounds of ammunition while walking around Washington, D.C. while attempting to elude police on foot, while on supervised release, show plainly he is a danger to the community. This factor, as with the three prior factors, weighs in favor of the defendant being held without bond pending trial.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Kristina Cervi*
Kristina Cervi
D.C. Bar No. 1671948
Special Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20579
Phone:  (202) 870-4683
Email:  kristina.cervi@usdoj.gov

EXHIBIT A



EXHIBIT B



# EXHIBIT C



# EXHIBIT D

